IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARNITA GRACE,

    *Plaintiff*,

    v.

DEPARTMENT OF
TRANSPORTATION, *et al.*,

    *Defendants*.

Civil Action No. ELH-14-703

## MEMORANDUM

Plaintiff Garnita Grace, who is self-represented, filed suit against the Maryland Department of Transportation ("MDOT") and the Motor Vehicle Administration ("MVA"), defendants, on March 10, 2014. *See* ECF 1 ("Complaint"). Suit arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* *See* Complaint at 1. Plaintiff, who was born in 1962, had been employed by the Beltsville MVA branch for nearly six years at the time suit was filed. *Id.* at 1-2.[1] She alleges that younger employees received training that she did not, which provided those younger employees with opportunities for advancement. *See id.* at 2. The Complaint also makes reference to alleged harassment. *See id.* Plaintiff seeks $1 million in damages. *Id.* at 4.

Defendants filed a motion to dismiss (ECF 7, "Mot."), to which they have attached a supporting memorandum (ECF 7-1, "Mem.") (collectively, the "Motion"). In response, plaintiff submitted two filings. One (ECF 11) is identified on the docket as a response to defendants' Motion, and the other (ECF 12) is identified as a memorandum in support of plaintiff's response.

---

[1] It appears that plaintiff has remained employed there.

However, those two filings are nearly identical in substance, and both are titled "Memorandum in Support of the Plaintiff Garnita Grace Not to Dismiss." *See* ECF 11, 12.

No hearing is necessary to resolve defendants' Motion. *See* Local Rule 105.6. For the reasons that follow, I will grant the Motion.

## I.  Subject matter jurisdiction and Fed. R. Civ. P. 12(b)(1)

Defendants' Motion is premised in part on Fed. R. Civ. P. 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). "It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Moreover, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Pursuant to Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Once subject matter jurisdiction is challenged, the plaintiff bears the burden of proving that the court has subject matter jurisdiction. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *Khoury*, 268 F. Supp. 2d at 606. In ruling on a motion under Rule 12(b)(1), the court "should 'regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Ferdinand-Davenport*, 742 F. Supp. 2d at 777 (quoting *Evans*, 166 F.3d at 647); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), *cert. denied*, 503 U.S. 984 (1992).

## II. Discussion

The crux of defendants' argument is that they are entitled to sovereign immunity, pursuant to the Eleventh Amendment to the United States Constitution, in connection with plaintiff's ADEA claim. *See* Mot. at 2; Mem. at 2. The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State."

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). *Accord McCray v. Maryland Dept. of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014); *Constantine v. Rectors and Visitors of George Mason University*, 411 F.3d 474, 479 (4th Cir. 2005). That immunity also applies to agencies and instrumentalities of a State. *See Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *McCray*, 741 F.3d at 483; *Constantine*, 411 F.3d at 479. The issue of sovereign immunity is jurisdictional in nature, and thus is a question that a court may consider "'at any time, even *sua sponte*.'" *McCray*, 741 F.3d at 483 (quoting *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997)).[2]

According to defendants, at all relevant times plaintiff has "been an employee of the Maryland Department of Transportation and one of its sub-agencies/modals[,] the Maryland

_____

[2] The doctrine of *Ex parte Young*, 209 U.S. 123 (1908), creates an exception to sovereign immunity that is applicable in suits for declaratory and injunctive relief against individual state officers. *See generally Verizon Maryland, Inc. v. Pub. Serv. Comm.'n of Md.*, 535 U.S. 635, 645 (2002); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997); *Bland v. Roberts*, 730 F.3d 368, 390 (4th Cir. 2013); *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010). Because plaintiff seeks only monetary damages from the MDOT and the MVA, that doctrine is inapplicable here.

Motor Vehicle Administration," both of which are "agencies within the Executive Branch of Maryland State Government." Mot. at 1. *See also* Complaint at 2 (identifying plaintiff as employee of MVA). Further, defendants observe that plaintiff's claim is wholly premised on the ADEA. Mot. at 2. Defendants maintain that in *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000), the Supreme Court concluded that the Eleventh Amendment bars an employee of a State from bringing an ADEA suit such as this one in federal court. Mem. at 2. And, defendants assert that in *McCray*, 741 F.3d at 482-83, the Fourth Circuit specifically held that MDOT and its modals are shielded by Eleventh Amendment immunity from suits such as plaintiff's action under the ADEA. Mem. at 2. In defendants' view, because plaintiff's Complaint "fails to establish jurisdiction" in this Court, the Complaint must be dismissed. *See* Mot. at 2; Mem. at 2.

In plaintiff's two filings made in opposition to the Motion, plaintiff does not address defendants' immunity argument. *See* ECF 11, 12. Instead, those filings largely consist of additional factual background. Plaintiff does take issue with defendants' characterization of her claims, insisting that, in addition to the discrimination claim that defendants cite, she is also brining claims based on alleged harassment and a hostile work environment. *Id.* at 2; ECF 12 at 3. However, it is apparent that such claims also arise under the ADEA. *See Baqir v. Principi*, 434 F.3d 733, 746 n.14 (4th Cir.) (noting that Fourth Circuit generally has assumed that claims for "age-based harassment" are cognizable under the ADEA as a hostile work environment claim), *cert. denied*, 549 U.S. 1051 (2006); *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.) (addressing standard for hostile work environment claims under the ADEA), *cert. denied*, 540 U.S. 940 (2003). As such, to the extent plaintiff has stated such claims, they would be subject to the same jurisdictional bar as her ADEA discrimination claim.

In *McCray*, 741 F.3d at 481-83, the Fourth Circuit addressed whether an employee of the Maryland Transit Administration ("MTA"), a subsidiary of MDOT, could bring an ADEA claim against her employer.  The *McCray* Court answered that question in the negative, concluding that sovereign immunity barred, *inter alia*, the ADEA claim.  The Court explained that, "absent abrogation of sovereign immunity or consent from Maryland, [the plaintiff-appellant] cannot seek injunctive or monetary relief from the MDOT or MTA," and that "[s]overeign immunity has not been abrogated for ADEA claims." *Id.* at 483.  As a result, "absent waiver of sovereign immunity," dismissal of the plaintiff-appellant's ADEA claim was required. *Id.*

According to defendants, the Fourth Circuit's conclusion in *McCray* regarding MDOT and the MTA applies with equal force to plaintiff's claim against MDOT and the MVA.  Plaintiff identifies no legal distinction between the MTA (at issue in *McCray*) and the MVA (plaintiff's employer here), and this Court is aware of none.  In my view, *McCray* applies to the present suit. As such, as to these defendants, plaintiff's suit under the ADEA is barred by sovereign immunity.

### III.  Conclusion

For the foregoing reasons, I conclude that plaintiff's suit is barred by sovereign immunity, and thus the Complaint must be dismissed.  An Order implementing this ruling follows.


Date: August 11, 2014                               _____/s/_____

                                                    Ellen L. Hollander
                                                    United States District Judge